# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br><br>Two United States Postal Service Priority Mail parcels bearing tracking numbers, 9505 5130 1336 4267 2475 19, 9505 5130 1336 4267 2475 33, and currently in the custody of the USPIS in San Bernardino, California | Case No. 5:24-mj-00410 |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

located in the Central District of California, there is now concealed *(identify the person or describe the property to be seized)*:

*See Attachment B*

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), and 843(b) | See attached affidavit |

The application is based on these facts:

*See attached Affidavit*

☒ Continued on the attached sheet.

☐ Delayed notice of _____ days (*give exact ending date if more than 30 days*: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

USPIS Task Force Officer, Trent Tully
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: _____

_____
*Judge's signature*

City and state: Riverside, CA       Honorable Sheri Pym, U.S. Magistrate Judge
*Printed name and title*

AUSA: Austin D. Young (951-276-6212)

**AFFIDAVIT**

I, Trent Tully, being duly sworn, declare and state as follows:

### I. **PURPOSE OF AFFIDAVIT**

1. This affidavit is made in support of an application for a warrant to search two United States Postal Service ("USPS") Priority mail parcels currently in the custody of the United States Postal Inspection Service ("USPIS"), located in San Bernardino, California, within the Central District of California. The parcels are described more fully in Attachment A ("SUBJECT PARCEL 1" and "SUBJECT PARCEL 2," and collectively, the "SUBJECT PARCELS."). SUBJECT PARCEL 1 is a USPS Priority Mail parcel with tracking number 9505 5130 1336 4267 2475 19. SUBJECT PARCEL 2 is a USPS Priority mail parcel with tracking number 9505 5130 1336 4267 2475 33. Attachment A is incorporated by reference herein.

2. The requested search warrant seeks authorization to seize fruits, instrumentalities, and evidence of violations of Title 21, United States Code, Sections 841(a)(1) (Distribution of and Possession with Intent to Distribute a Controlled Substance) and 843(b) (Unlawful Use of a Communication Facility, including the Mails, to Facilitate the Distribution of a Controlled Substance), as described more fully in Attachment B. Attachment B is incorporated by reference herein.

3. The facts set forth in this affidavit are based on my personal observations, my training and experience, and information obtained from various law enforcement personnel and

witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all my knowledge of or investigation into this matter.  Unless specifically said otherwise, all conversations and statements described in this affidavit are relayed in substance and in part only.

## II. TRAINING AND EXPERIENCE

4.  I am a Task Force Officer ("TFO") with the USPIS, and I have been so employed since January of 2024.  I am currently assigned as a TFO to the Contraband Interdiction and Investigations South Team of the Los Angeles Division, which is responsible for investigating drug trafficking violations involving the United States Mail.  As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.  Before being assigned as a TFO with the USPIS, I worked patrol as a full-time sworn law enforcement officer with the Riverside County Sheriff's Office.  I have been a sworn law enforcement officer since January 2011.  I am a Police Officer within the meaning of Section 830.1 of the California Penal Code.

5.  I have received training and have experience investigating violations of state and federal narcotics and money laundering laws, including, but not limited to, Title 21,

United States Code, Sections 841, 846, 952, 959, and 963, and Title 18, United States Code, Section 1956(a). I am familiar with various electronic surveillance methods, techniques, and investigations, including state and federal wiretap investigations and the debriefing of informants and witnesses, as well as others who have knowledge of the manufacturing, distribution, transportation, storage, and importation of controlled substances and the laundering of drug proceeds.

6.  I have participated in many aspects of drug trafficking investigations, including investigations into the smuggling of illegal drugs, and extortion concerning drug trafficking. I am familiar with narcotics traffickers' methods of operation, including the manufacturing, storage, transportation, and distribution of narcotics, and the collection of money that represents the proceeds of narcotics trafficking. I am also familiar how narcotics traffickers transport and distribute narcotics in areas they control. I am familiar with how drug traffickers use counter-surveillance techniques to avoid detection by law enforcement.

### III. SUMMARY OF PROBABLE CAUSE

7.  On September 25, 2024, during routine parcel inspections at the Norco Post Office located at 1801 Town and Country Drive, Norco, California, I determined the SUBJECT PARCELS met certain criteria common to packages containing contraband. For instance, the SUBJECT PARCELS were mailed using USPS Priority mail, lacked business account numbers, were paid using cash, and the names of the senders and/or recipients did

not appear in law enforcement databases as associated with some of the listed addresses. In addition, a drug-detection dog alerted to the SUBJECT PARCELS. Therefore, the SUBJECT PARCELS are believed to contain controlled substances or the proceeds from the trafficking of controlled substances.

### IV. STATEMENT OF PROBABLE CAUSE

**A.  Background**

8.  Based on my training and experience as a sworn law enforcement officer and TFO, and the experiences shared with me by fellow Postal Inspectors who specialize in drug investigations, I know the following:

　　a.  Postal Inspectors have been conducting investigations into drug trafficking via USPS Express Mail and Priority Mail since the mid-1980s. In the early 1990s, Postal Inspectors in Los Angeles, California, and surrounding regions such as the High Desert/Low Desert areas that include Riverside and San Bernardino Counties, began conducting organized interdictions of Priority Mail Express and Priority Mail parcels suspected of containing controlled substances and proceeds from the sale of controlled substances. Postal Inspectors also regularly examined and investigated Priority Mail Express and Priority Mail parcels. During the 1990s, Postal Inspectors observed that the trend was for drug traffickers to send controlled substances and proceeds from the sale of controlled substances, in the form of cash, using boxes.

　　b.  Although Postal Inspectors still see the use of boxes for controlled substances and cash, there has been a

4

gradual change over the years toward the current trend of using smaller boxes, flat cardboard envelopes, and Tyvek envelopes, with proceeds from the sale of controlled substances converted to money orders. By using money orders, drug traffickers are able to send large dollar amounts in compact form, using much smaller conveyances, which lend a sense of legitimacy to the parcel.

        c.    The San Bernardino County and Riverside County areas (collectively, the "Inland Empire") are a significant source area for controlled substances. Controlled substances are frequently transported from the Inland Empire area via the United States Mail, and the proceeds from the sale of controlled substances are frequently returned to the Inland Empire area via the United States Mail. These proceeds are generally in the form of money orders, bank checks, or similar monetary instruments in an amount over $1,000. Based on my training and experience, I know that proceeds from the sale of controlled substances often contain the odor of controlled substances because they have been contaminated with or associated with the odor of one or more controlled substances.

        d.    Drug traffickers often use one of two USPS services: Priority Mail Express, which is the USPS overnight/next day delivery mail product, or Priority Mail Service, which is the USPS two-to-three-day delivery mail product. Drug traffickers use the Priority Mail Express delivery service because of its speed, reliability, and the ability to track the article's progress to the intended delivery

point. Drug traffickers use the Priority Mail delivery service because it allows drug traffickers more time for travel between states if they decide to follow a shipment to its destination for distribution. Also, by adding delivery confirmation to a Priority Mail parcel, drug traffickers can track the article's progress to the intended delivery point, as if the parcel had been mailed using the Priority Mail Express Service.

9. Based on my training and experience, and the collective experiences shared with me by fellow Postal Inspectors who specialize in investigations involving the mailing of controlled substances and proceeds from the sale of controlled substances, I know that the following indicia suggest that a parcel may contain drugs or drug trafficking proceeds:

   a. The parcel is contained in a box, flat cardboard mailer, or Tyvek envelope.

   b. The parcel bears a handwritten label, whether USPS Priority Mail Express or Priority Mail.

   c. The handwritten label on the parcel does not contain a business account number.

   d. The seams of the parcel are all taped or glued shut.

   e. The parcel emits a particular odor of a cleaning agent or adhesive or spray foam that can be detected by a human; and

   f. Multiple parcels are mailed by the same individual, on the same day, from different locations.

10. Parcels exhibiting some of these characteristics are the subject of further investigation, which may include verification of the addressee and return addresses and examination by a trained drug detection dog.

11. I know from my experience and training that drug traffickers often use fictitious or incomplete names and/or addresses to conceal their identities from law enforcement officers investigating these types of cases and suspicious parcels. Indeed, it is my experience that to the extent real addresses are ever used it is only to lend a legitimate appearance to the parcel and is almost always paired with a false name.

B.  **Initial Investigation of the SUBJECT PARCELS**

12. On September 25, 2024, during routine parcel inspections at the Norco Post Office, I determined that the SUBJECT PARCELS met some of the initial suspicious characteristics as described above. Specifically, the SUBJECT PARCELS were mailed using USPS Priority mail, did not contain business account numbers, and were paid using cash. Based on my prior investigations related to subjects shipping narcotics through the United States Postal Service, I am aware the shipper often pays cash with hopes of disassociating themselves from the parcel.

13. On September 25, 2024, I used law enforcement and open-source databases to look up the return and recipient addresses listed on the SUBJECT PARCELS and determined and determined some of the sender and/or receiver names did not

7

appear to coincide with the addresses listed on the SUBJECT PARCELS.

      a.    SUBJECT PARCEL 1 has a return address of "William Thomas 3625 banbery Dr unite 19C Riverside CA 92505" and a recipient address of "Robert Parks 2350 SE carsica Rd Port Saint Lucie FL 34952." According to CLEAR database records, the return address on SUBJECT PARCEL 1 appears to be a legitimate address, but it is not associated with the name "Willam Thomas." The recipient address appears to be legitimate, but it is not associated with the name "Robert Parks".

      b.    SUBJECT PARCEL 2 has a return address of "William Thomas 3625 banbery Dr unite 19C Riverside CA 92505" and a recipient address of "Willie Shelton 77 Duron St Rochester NY 14621." The return address and name are the same as SUBJECT PARCEL 1. The recipient address appears to be referring to "77 Durnan St. Rochester, NY 14621," which is a legitimate address and is associated with the recipient's name, "Willie Shelton."

      **C.**    **Drug-Detection Dog Alerts to the SUBJECT PARCELS**

    14.  On September 25, 2024, around 5:00 P.M., based on the suspicious characteristics of the SUBJECT PARCELS, California Highway Patrol Officer Steven Ternen had his trained narcotics detection dog, "Leo," examine the exterior of the SUBJECT PARCELS. Attached to my affidavit as Exhibit 1, and incorporated by reference, is a true and correct copy of Officer Ternen's declaration describing Leo's training and history in detecting controlled substances and Leo's alert on the SUBJECT PARCELS.

15. To examine the SUBJECT PARCELS, I placed the SUBJECT PARCELS on the floor along with several similar empty parcels spaced approximately six to eight feet apart, in an area where Officer Ternen could perform a canine sniff with Leo. Officer Ternen informed me that Leo gave a positive alert to the SUBJECT PARCELS and did not alert to the empty parcels. The alert indicated that the SUBJECT PARCELS had the presence of controlled substances or other items, such as the proceeds of controlled substances, which have been recently contaminated with the odor of controlled substances.

## V. CONCLUSION

16. For the reasons set forth in this affidavit, there is probable cause to believe that the SUBJECT PARCELS, as described in Attachment A, contain evidence, fruits, and instrumentalities of violations of the SUBJECT OFFENSES, as described in Attachment B.

Attested to by the applicant in
accordance with the requirements of
Fed. R. Crim. P. 4.1 by telephone
on this ____ day of October 2024.

_____
THE HONORABLE SHERI PYM
UNITED STATES MAGISTRATE JUDGE

9

**ATTACHMENT A**

<u>PARCELS TO BE SEARCHED</u>

The following two United States Postal Service ("USPS") Priority mail parcels seized on September 25, 2024, at the Norco Post Office, located in Norco, California, and currently in the custody of the United States Postal Inspection Service located at 390 W. Fifth St., San Bernardino, California:

    a.    SUBJECT PARCEL 1 is a USPS Priority mail parcel with tracking label number 9505 5130 1336 4267 2475 19, weighing approximately 7 pounds 14.4 ounces, with a return address of "William Thomas 3625 banbery Dr unite 19C Riverside CA 92505" and a recipient address of "Robert Parks 2350 SE carsica Rd Port Saint Lucie FL 34952."  SUBJECT PARCEL 1 was postmarked on September 23, 2024, in the 92860 ZIP code.

    b.    SUBJECT PARCEL 2 is a USPS Priority mail parcel with tracking label number 9505 5130 1336 4267 2475 33, weighing approximately 10 pounds 14.4 ounces, with a return address of "William Thomas 3625 banbery Dr unite 19C Riverside CA 92505" and a recipient address of "Willie Shelton 77 Duron St Rochester NY 14621."  SUBJECT PARCEL 2 was postmarked on September 23, 2024, in the 92860 ZIP code.

**ATTACHMENT B**

ITEMS TO BE SEIZED

The following are to be seized from the parcels described in Attachment A, which constitute evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) (distribution of, and possession with intent to distribute, a controlled substance); 846 (conspiracy to distribute, or possess with intent to distribute, a controlled substance); and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance):

    a.   Any controlled substances, including marijuana;

    b.   Currency, money orders, bank checks, or similar monetary instruments in quantities over $1,000; and

    c.   Parcel wrappings used to conceal items described in (a) and/or (b).

# Exhibit 1

## DECLARATION

I, Officer Steven J. Ternen, being duly sworn, declare and state:

I am a sworn peace officer within the meaning of California Penal Code § 830.1.

## TRAINING AND EXPERIENCE:

I have been employed as a Peace Officer for the California Highway Patrol since June 17th, 2017. I attended the California Highway Patrol Academy in West Sacramento from December 5th, 2016, until June 17th, 2017. From 2017 to 2022 I was assigned to routine patrol duties. Since February 2022 I have been assigned to the California Highway Patrol Inland Division's Special Enforcement Unit assigned as a canine officer. As a member of that unit, I have been participated in the detection and seizure of narcotics and been involved in numerous cases concerning the sales and transportation of controlled substances.

## K9 TEAM OFFICER TERNEN AND PSD LEO'S TRAINING AND CERTIFICATIONS:

In May 2022 I became certified and assigned to a canine unit. I have been working as a canine officer since that time. My current canine partner is "Leo." He is a Police Service Dog (PSD) with ID KM22246. "Leo" and I went through an 11-week canine course which consisted of one week classroom, five weeks patrol apprehension, and five weeks odor narcotics training. "Leo" received a total of 120 hours of formal canine detection training at the California Highway Patrol Academy in West Sacramento, CA. "Leo" is trained and certified to alert on the following four odors: cocaine, methamphetamine, heroin, and marijuana. I notice his alerts by his change in behavior. He provides a focused indication, (the canine's natural body reaction), when he feels he is closest to the odor. Since his initial training, a minimum of 36 hours of canine are conducted monthly. Ten of those monthly hours certify "Leo" with CHP Inland Division

trainers. "Leo" has annually certified with California Highway Patrol Headquarter trainers since 2022. Since being placed into service, "Leo" has given a focused indication to areas found to contain (after analysis) more than 390 grams of heroin, 271 pounds. of cocaine, 2,443 pounds. methamphetamine, 987 grams of marijuana; and $46,000 in U.S. currency suspected as being narcotics proceeds.

On Wednesday, September 25, 2024, Task Force Officer (TFO) Trent Tully, requested PSD "Leo's" assistance in a narcotics parcel investigation. I responded to an address of 1801 Town and Country Drive, Norco, CA 92860. The location of the address was for the United States Postal Service. At the location TFO Tully placed two SUBJECT PARCELS on the rear loading dock amongst empty boxes and other items that were separated from each other. PSD "Leo" conducted a sniff of the loading dock and gave a focused indication to both SUBJECT PARCELS for the presence of an odor he is certified to detect.

PSD "Leo" alerted to the parcels listed below at approximately 1700 hours:

#1    United States Postal Service parcel bearing tracking label number:

9505 5130 1336 4267 2475 19

#2    United States Postal Service parcel bearing tracking label number:

9505 5130 1336 4267 2475 33

*Officer Steven J. Ternen*
_____

Officer Steven J. Ternen

California Highway Patrol